IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYCO HEALTHCARE GROUP LP<br>d/b/a UNITED STATES SURGICAL,<br>a division of TYCO HEALTHCARE<br>GROUP LP<br><br>        Plaintiff-Counterclaim<br>        Defendant,<br><br>        v.<br><br>ETHICON ENDO-SURGERY, INC.<br><br>        Defendant-Counterclaimant. | Civil Action No. 3:04-CV-1702-JBA |

**JOINT PRE-TRIAL MEMORANDUM**

NYA867696.3

## JOINT PRE-TRIAL MEMORANDUM

(1)     TRIAL COUNSEL

For Plaintiff:

>   **Mark Kirsch** (mark.kirsch@cliffordchance.com)
>   **Drew M. Wintringham** (drew.wintringham@cliffordchance.com)
>   **Joe Laughon** (joe.laughon@cliffordchance.com)
>   **Mark W. Rueh** (mark.rueh@cliffordchance.com)
>   **Daryl Fairbairn** (daryl.fairbairn@cliffordchance.com)
>   Clifford Chance US LLP
>   31 West 52nd Street
>   New York, NY  10019-6131
>   (212) 878-8000
>   Fax:  (212) 878-8375
>
>   **Jacob D. Zeldes** (jzeldes@znclaw.com)
>   **Edward R. Scofield** (escofield@znclaw.com)
>   Zeldes, Needle & Cooper, PC
>   1000 Lafayette Blvd.
>   Bridgeport, CT  06601-1740
>   (203) 333-9441
>   Fax:  (203) 333-1489

For Defendant:

>   **Dianne B. Elderkin** (elderkin@woodcock.com)
>   **Barbara L. Mullin** (mullin@woodcock.com)
>   **Richard B. LeBlanc** (leblanc@woodcock.com)
>   **Steven D. Maslowski** (smaslows@woodcock.com)
>   Woodcock Washburn LLP
>   Cira Centre, 12th Floor
>   2929 Arch Street
>   Philadelphia, PA 19104-2891
>   215-568-3100
>   Fax: 215-568-3439
>
>   **James T. Shearin** (jtshearin@pullcom.com)
>   Pullman & Comley LLC
>   850 Main St., P.O. Box 7006
>   Bridgeport, CT  06601-7006
>   203-330-2240
>   Fax: 203-576-8888

(2)   **JURISDICTION**

This Court has jurisdiction over this patent infringement case pursuant to 28 U.S.C. § 1338 and § 1331.

(3)   **JURY OR NON-JURY CASE**

This case is a non-jury case to be tried before the Court.

(4)   **LENGTH OF TRIAL**

Counsel estimate that the trial, scheduled to commence on December 3, 2007 will take two weeks.

(5)   **FURTHER PROCEEDINGS**

Other than deciding on the motions in limine and resolving objections to the deposition designations and exhibits, the parties do not contemplate any further proceedings prior to trial.

(6)   **NATURE OF CASE (EACH CAUSE OF ACTION AND RELIEF SOUGHT)**

Plaintiff's Statement

This is a patent infringement case. Plaintiff Tyco Healthcare LLP d/b/a United States Surgical ("Tyco") has alleged that Ethicon infringed four of its United States patents. The patents are U.S. Pat. No. 6,063,050 ("the '050 patent'), U.S. Pat. No. 6,280,407 ("the '407 patent"), U.S. Pat. No. 6,468,286 ("the '286 patent"); and U.S. Pat. No. 6,682,544 ("the '544 patent"). The acts of infringement include the making, using, selling, offering for sale and importing and exporting of Ethicon's Harmonic Scalpel Coagulating Shears curved blade products ("the Harmonic Scalpel products") and the Harmonic ACE curved blade products ("the ACE products").

The Harmonic Scalpel products at issue include product numbers LCSC5, LCSC1, LCSC5L, LCSC5HA, and LCSC1HA (collectively "the LCS products") and product numbers CS14C, CS14I, CS23C, CS23I (collectively "the CS products"). The Harmonic ACE products include product numbers ACE23P, ACE36P, ACE 14S, ACE23S, and ACE36S (collectively "the ACE products").

Tyco has alleged that claims 1, 5, and 9-12 of the '050 patent, claims 1 and 7 of the '407 patent, and claims 1, 6-15, 17 and 19 of the '286 patent, and claims 1-3, 6, 8-13, 16, 18, and 23-25 of the '544 patent are infringed by Ethicon. In its Ruling On Motions For Summary Judgment, the Court ruled that claims 1, 5 and 9 of the '050 are infringed by Ethicon and that claims 1, 6, 7 and 15 of the '286 patent are infringed by Ethicon. The Court also denied Ethicon's motion for summary judgment of non-infringement as to claims 11 and 12 of the '050 patent, claims 8-14 of the '286 patent, and claims 1-3, 6, 8-13, 16, 18 and 23-25 of the '544 patent and granted Ethicon's motion for summary judgment of non-infringement as to claims 17 and 19 of the '286 patent. The Court denied Ethicon's motion for summary judgment of invalidity pursuant to 35 U.S.C. § 102(g) and granted Ethicon's motion for summary judgment of invalidity of claims 1 and 7 of the '407 patent under 35 U.S.C. 102(a) and 102(b). Accordingly, Tyco now asserts claims 1, 5, and 9-12 of the '050 patent, claims 1 and 6-15 of the '286 patent claims 1-3, 6, 8-13, 16, 18, and 23-25 of the '544 patent at trial.[1]

Tyco asserts that it is entitled to (1) lost profit damages and reasonable royalty damages; (2) pre-judgment and post-judgment interest; and (3) a permanent injunction enjoining Ethicon

---

[1] In an effort to reduce the number of claims for trial, U.S. Surgical has proposed to Ethicon it would not assert infringement of claim 10 of the '050 patent, claims 12-13 of the '286 patent, and claims 9, 13, 16, 24, and 25 of the '544 patent against the accused products in this litigation and any future litigation provided Ethicon will not litigate its invalidity defense and invalidity declaratory judgment counterclaim with respect to these specific claims at trial. To date, Ethicon has rejected this proposal to narrow the number of claims for trial.

from infringing the patents at issue. Tyco also asserts that Ethicon has wilfully infringed the asserted patents and that, as a result, Tyco is entitled to treble damages. Tyco further asserts that Ethicon's wilful infringement renders this an exceptional under 35 U.S.C. § 285 which would entitle Tyco to an award of reasonable attorney fees.

Defendant's Statement

At trial, Tyco is expected to assert that Ethicon's manufacture and sale of certain ultrasonic surgical instruments, sold under the "Harmonic Scalpel" brand, infringe three patents. (Tyco had originally asserted infringement of four patents, but the asserted claims in the fourth patent were summarily adjudicated to be invalid).

Ethicon alleges that its devices do not infringe any valid claim of the asserted patents. Engineers from UltraCision, the company that pioneered ultrasonic surgical instruments and that Ethicon purchased in 1995, and engineers from Ethicon, made and successfully tested prototypes embodying the "inventions" claimed in the Tyco patents before the Tyco inventions were made, thereby invalidating the Tyco patent claims. But even if that were not the case, the Tyco patent claims are invalid because they are obvious over various combinations of prior art, including several prior art patents.

With respect to damages, Tyco is seeking both lost profits and reasonable royalty damages. Tyco cannot establish that Ethicon actually caused the economic harm for which Tyco seeks compensation. Tyco's lost profit damages analysis relies upon unsupportable assumptions in order to assert that 'but for' Ethicon's alleged infringement, Tyco would have made additional profits. Accordingly, in the event of a finding of infringement, Tyco is not entitled to any lost profit damages.

As for reasonable royalty damages, Tyco alleges that it is entitled to a 24% royalty, which is far in excess of anything reasonable in this industry. The appropriate reasonable royalty is $3 million, which reflects the cost that Ethicon would have incurred to design-around the patents-in-suit. This is the most reasonable approximation of damages appropriate to compensate Tyco for Ethicon's use of the invention.

Tyco alleges that Ethicon's infringement is willful. Ethicon, however, reasonably relied upon the advice of counsel in its business decisions. Tyco cannot prove that Ethicon's actions were objectively reckless (as is required to prove willfulness), particularly since one of the patents asserted by Tyco in this case has already been declared to be invalid.

Tyco is also seeking an injunction, but such equitable relief is not appropriate under the circumstances here, as monetary damages would be adequate to compensate Tyco for any future use of the invention by Ethicon. Further, Tyco would not be irreparably harmed and the public interest would be best served if an injunction is not entered.

(7) **TRIAL BY MAGISTRATE JUDGE**

The parties do not agree to a trial by magistrate.

(8) **LIST OF WITNESSES**

    (a) **Witnesses**

        (1) **Plaintiff's Trial Witnesses:**

Witnesses that Plaintiff will call at trial and brief description of testimony:

**Mr. Dominick Mastri**
12 Cascade Boulevard
Orange, CT 06477
Mr. Mastri is a co-inventor of the patents in suit and a former engineer of U.S. Surgical. He will testify about the conception, making, and testing of the inventions of the patents in suit and their claimed features and innovations and U.S. Surgical and Misonix' efforts to develop the inventions.

**Mr. Philip Roy**

60 Middletown Road
North Haven, CT  06473
Mr. Roy is currently an employee in the marketing department of Tyco.  Mr. Roy may testify as to facts related to the relevant market for 5 mm cutting and coagulating surgical tools and products that compete against Ethicon's LCS, CS and ACE products and the ability of Tyco to have made additional sales of its AutoSonix and LigaSure products, but for the infringement by Ethicon.  Mr. Roy may also testify about features and benefits of Tyco's Autosonix and LigaSure products and alleged features and promoted benefits of Ethicon's 5mm cutting and coagulating surgical tools.  He may testify about the Tyco company (now Covidien) and its business.  Mr. Roy may also provide testimony related to patent marking of the AutoSonix products.

**Dr. William Durfee**
111 Church St. S.E.
Minneapolis, MN 55455
Dr. Durfee will testify that the accused LCS, CS and ACE products infringe the asserted claims of the patents-in-suit.  He will explain where each limitation of the claims at issue, as construed by the Court, is found in accused products.  Dr. Durfee will testify that the claims of the patents in suit describe an invention that is useful, novel, and nonobvious over the alleged prior art at issue.  He may also testify in response or in rebuttal to issues of infringement and validity raised by Ethicon's technical expert, Dr. Cimino, and other witnesses.

**Dr. Phillip Beutel**
50 Main Street
White Plains, NY 10601
Dr. Beutel will testify to the damages suffered by Tyco as a result of the infringement, including the basis for damages set forth in his expert reports and determination of the relevant market and other factors set forth in his reports.  He will describe the lost profits of Tyco based on market share and volume of infringing sales and other information.  Dr. Beutel will also determine a reasonable royalty as applicable to this case, and will calculate damages based on a reasonable royalty.  He may be asked to update his calculations based on factual evidence offered at trial concerning Ethicon's infringing products and any additional evidence of changes in market conditions or other relevant facts.  He may also testify about other damages related issues, such as pre-judgment and post-judgment interest.  Dr. Beutel may also testify in rebuttal to Ethicon's witnesses, including expert witnesses, relating to damages.

**Mr. Ronald Manna**
1938 New Highway
Farmingdale, NY 11735
Mr. Manna is a co-inventor of the '050 patent asserted in this action and is currently the Vice President of Regulatory Affairs for Misonix.  He will testify about the conception, making, and testing of the inventions of the patents in suit and their claimed features and innovations and U.S. Surgical and Misonix' efforts to develop the inventions.  Mr. Manna may also testify about the supply of components by Misonix and its business in general.

**Mr. Joseph Sapiente**
60 Middletown Road

North Haven, CT 06473
Mr. Sapiente is vice-president for quality assurance at Tyco. He may testify about the Tyco company (now Covidien) and its business. Mr. Sapiente may also testify about certain testing as it relates to FDA market approval processes and related quality testing including testing done in connection with devices embodying the invention of the patents in suit, the results of this testing, and the determination to submit an application to FDA for approval to market the product. Mr. Sapiente may explain records concerning testing relating to the 5 mm ultrasonic shears device being developed and Tyco's application for FDA approval. Mr. Sapiente may also provide testimony related to patent marking of the AutoSonix products.

**Mr. Steven Amelio**
150 Glover Avenue
Norwalk, CT 06473
Mr. Amelio is vice-president and controller at Tyco. He may testify as to the ability of Tyco to have made additional sales of its AutoSonix and LigaSure products, but for the infringement by Ethicon. Mr. Amelio may also testify about the Tyco company (now Covidien) and its business. Mr. Amelio may also provide testimony related to patent marking of the AutoSonix products, patent ownership and other accounting and financial information.

### (2)   Defendant's Witnesses:[2]

**Dr. Joseph F. Amaral** (WILL CALL)
1 Promontory Knoll
Cumberland, RI 02864
Dr. Amaral is expected to testify about his experience using various surgical instruments, including his testing, evaluation and use of various Ethicon ultrasonic instruments (including prototype instruments that led to certain of these products).

**Timothy J. Barron, Esq.** (WILL CALL)
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611
Mr. Barron is expected to testify about the circumstances and content of the advice he provided to Ethicon regarding the invalidity and non-infringement of the patents-in-suit.

**Chester O. Baxter** (WILL CALL)
Ethicon Endo-Surgery, Inc.
4545 Creek Road
Cincinnati, OH 45242
Mr. Baxter is expected to testify about his involvement and experience in the development of prototype ultrasonic surgical instruments, including work that resulted in the LCS-B5 and LCS-K5 products. Mr. Baxter is expected to also testify about engineering drawings including those showing the structural components of the LCS-B5, the LCS-K5 and the accused products.

---

[2] Plaintiff objects to defendant's attempt to still include witnesses on its "may call" list as of the date of this Joint Trial Memorandum as not authorized under the Court's Joint Trial Memorandum Instructions and as contrary to the parties' written agreement that "final" witness lists would be exchanged before this date.

**Gregory D. Bishop** (MAY CALL)
Ethicon Endo-Surgery, Inc.
4545 Creek Road
Cincinnati, OH 45242
Mr. Bishop is expected to testify about the design, development and testing of prototype instruments, including the specific structural and functional features of various prototype instruments. Mr. Bishop is expected to also testify about the final design of the LCS-B5 and LCS-K5 products, including activities undertaken to mass-produce and launch these products commercially.

**Dr. William W. Cimino** (WILL CALL)
578 W. Sagebrush Court
Louisville, CO 80027
Dr. Cimino is expected to testify as to technical issues relating to the validity and infringement of the patent claims as set forth in his expert reports.

**Jeffrey A. Cohen** (WILL CALL)
Chicago Partners L.L.C.
140 South Dearborn Street, Suite 1500
Chicago, Illinois 60603
Mr. Cohen is expected to testify about appropriate compensation for Tyco in the event it is adjudged that Tyco should be compensated for infringement of a valid patent claim.

**Dr. Thomas Davison** (WILL CALL)
128 Bears Paw Trail
Naples, FL 34105
Dr. Davison is expected to testify about the development and use of ultrasonic surgical technology, including its use for cutting and coagulating tissue and/or vessels. Dr. Davison is expected to also testify generally about the formation of Ultracision, Inc., and the sale of Ultracision and its technology.

**Dr. Laura A. Gallagher** (WILL CALL)
Ethicon Endo-Surgery, Inc.
4545 Creek Road
Cincinnati, OH 45242
Dr. Gallagher is expected to testify about her experience using various surgical instruments, including Ethicon's testing, use and evaluation of ultrasonic surgical instruments. Dr. Gallagher is expected to also testify as to design considerations relevant to Ethicon prototype instruments.

**Rich Goheen** (WILL CALL)
Ethicon Endo-Surgery, Inc.
4545 Creek Road
Cincinnati, OH 45242

Mr. Goheen is expected to testify about Ethicon's marketing of ultrasonic instruments. This includes marketing considerations relating to the prototype instruments that led to the LCS-B5 and LCS-K5 products, such as performance criteria and features that Ethicon considered when designing and testing these prototype instruments. Mr. Goheen is expected to also testify about the evaluation of various other surgical instruments.

**Kevin Houser** (WILL CALL)
Ethicon Endo-Surgery, Inc.
4545 Creek Road
Cincinnati, OH  45242
Mr. Houser is expected to testify about the design, development, and testing of ultrasonic instruments, including the structural and functional features of various devices.

**Karim Khadr** (WILL CALL)
DePuy Canada
Johnson & Johnson Medical Products
200 Whitehall Drive
Markham L3R 0T5, Canada
Mr. Khadr is expected to testify about marketing and sales issues related to the accused products, as well as other competitive products.

**Verne E. Kreger, Jr., Esq.** (WILL CALL)
Ethicon Endo-Surgery, Inc.
4545 Creek Road
Cincinnati, OH  45242
Mr. Kreger is expected to testify about Ethicon's investigation and evaluation of the patents-in-suit before commercial launch of the accused products, and about actions taken by Ethicon concerning these patents including advice Ethicon received from Jenner & Block regarding the invalidity and non-infringement of the patents in suit.

**Jeffrey Mailler** (WILL CALL)
Ethicon Endo-Surgery, Inc.
4545 Creek Road
Cincinnati, OH  45242
Mr. Mailler is expected to testify about Ethicon Endo-Surgery's business. Mr. Mailler is also expected to testify about licensing based on his experience in the medical device industry.

**Paul J. Smith** (MAY CALL)
45 Lakeside Drive
Smithfield, RI  02917
Mr. Smith is expected to testify about Ultracision's design and development of prototype instruments, including the structural and functional features of prototypes, and design alternatives that were considered when developing prototypes.

**Mark Tsonton** (WILL CALL)
Ethicon Endo-Surgery, Inc.

4545 Creek Road
Cincinnati, OH  45242

Mr. Tsonton is expected to testify about the design, development and testing of prototype instruments, including the specific structural and functional features of various prototype instruments.  Mr. Tsonton is expected to also testify about the final design of the LCS-B5 and LCS-K5 products, including activities undertaken to mass-produce and launch these products commercially.

**Gary R. Whipple** (MAY CALL)
406 Newport Ave
Attleboro, MA 02703

Mr. Whipple is expected to testify about Ultracision's design and development of the prototype instruments, including the structural and functional features of prototypes, and design alternatives that were considered when developing prototypes.

**David A. Witt** (MAY CALL)
Ethicon Endo-Surgery, Inc.
4545 Creek Road
Cincinnati, OH  45242

Mr. Witt is expected to testify about the design, development and testing of prototype instruments, including the specific structural and functional features of prototype instruments.  Mr. Witt is expected to also testify about the final design of the LCS-B5 and LCS-K5 products, including activities undertaken to mass-produce and launch these products commercially.

>               **(3)   Plaintiff's Deposition Designations, Defendant Objections and Counter-Designations and Plaintiff Objections to Counter-Designations**

See Attachment 1.

>               **(4)   Defendant's Deposition Designations, Plaintiff Objections and Counter-Designations, and Defendant Objections to Counter-Designations**

See Attachment 2.

>      **(b)   Exhibits**

Plaintiff's Exhibit List:  See Attachment 3.

Defendant's Exhibit List:  See Attachment 4.

(9) **STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    (a) **Agreed Upon Statement of Contested Issues of Fact and Law**

*Infringement*[3]

Whether claims 10-12 of the '050 patent are infringed.

Whether claims 8-14 of the '286 patent are infringed.

Whether claims 1-3, 6, 8-13, 16, 18 and 23-25 of the '544 patent are infringed.

*Validity*

Whether claims 1, 5 and 9-12 of the '050 patent are invalid.

Whether claims 1, 6-15, 17 and 19 of the '286 patent are invalid.

Whether claims 1-3, 6, 8-13, 16, 18 and 23-25 of the '544 patent are invalid.

*Wilfulness*

Whether Ethicon has wilfully infringed the '050, '286, or '544 patents.

Whether Tyco is entitled to as much as a trebling of the damages award in the event Ethicon is found to have wilfully infringed one or more claims of the patents-in-suit.

Whether this case may be deemed exceptional under 35 U.S.C. § 285 and, if so, whether there is a prevailing party that may be awarded reasonable attorney fees.

*Damages and other remedies*

Whether, in the event of a finding of infringement of the '050, '286, or '544 patents, Tyco is entitled to lost profit damages and, if so, the amount of such damages.

Whether, in the event of a finding of infringement of the '050, '286, or '544 patents, Tyco is entitled to reasonable royalty damages and, if so, the amount of such damages.

Whether, in the event of infringement and an award of damages, Tyco is entitled to pre-judgment or post-judgment interest, and if so, the applicable rate.

Whether, in the event of infringement, Tyco is entitled to a permanent injunction enjoining Ethicon from infringing the patents at issue.

---

[3] Claims 1, 5 and 9 of the '050 patent and claims 1, 6, 7 and 15 of the '286 patent have been found infringed by the Court for all products at issue. Court's Ruling on Motions for Summary Judgment.

### (b)    Stipulation of Facts

*The Parties*

1.      Defendant, Ethicon Endo-Surgery, Inc. ("Ethicon") is a corporation organized and existing under the laws of the State of Ohio, having its principal place of business at 4545 Creek Rd., Cincinnati, Ohio 45242.

*Background of the Case*

2.      The Ethicon products accused of infringement in this case are the Ultracision Harmonic Scalpel Curved Blade instruments identified by product nos. LCSC5, LCSC1, CS14C, CS141, CS23C, CS231, LCSC5L, LCSC5HA, LCSCIHA, ACE23P, ACE36P, ACE14S, ACE23S, and ACE36S.

*U.S. Surgical Products*

3.      U.S. Surgical's Autosonix instruments do not practice claim 15 of U.S. Patent No. 6,468,286.

4.      U.S. Surgical's Autosonix instruments do not practice claims 6 and 8 of U.S. Patent No. 6,682,544.

5.      U.S. Surgical's Autosonix Ultra Shears instrument was first sold to the public in 1998.

6.      U.S. Surgical's Autosonix Ultra Shears Short instrument was first sold to the public in April 1999.

7.      U.S. Surgical's Autosonix Ultra Shears Long instrument was first sold to the public in September 2000.

*Ultracision*

1.      U.S. Patent 5,322,055 ("the Davison 055 patent") issued on June 21, 1994.

2.      The Davison 055 patent discloses an "ultrasonic surgical instrument."

### (c)    Plaintiff's Proposed Findings of Fact

See attachment 5.

### (d)    Defendant's Proposed Findings of Fact

See attachment 6.

      (e)    **Plaintiff's Proposed Conclusions of Law**

See attachment 7.

      (f)    **Defendant's Proposed Conclusions of Law**

See attachment 8.

      (g)    **Plaintiff's Objections to Defendant's Proposed Conclusions of Law**

See attachment 9.

      (h)    **Defendant's Objections to Plaintiff's Proposed Conclusions of Law**

See attachment 10.

Respectfully Submitted,

By: _[signature]_

Jacob D. Zeldes (ct04351)
Edward R. Scofield (ct00455)
Zeldes, Needle & Cooper, PC
1000 Lafayette Blvd.
Bridgeport, CT 06601-1740
(203) 333-9441

Mark A. Kirsch
Drew M. Wintringham
Joe Laughon
Mark W. Rueh
Daryl Fairbairn
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019-6131
(212) 878-8000

Counsel for Plaintiff
Tyco Healthcare Group LP

By: _____X_____

James T. Shearin (ct01326)
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601
(203) 330-2000

Dianne B. Elderkin
Barbara L. Mullin
Richard B. LeBlanc
Steven D. Maslowski
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
(215) 568-3100

Counsel for Defendant
Ethicon Endo-Surgery, Inc.